# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. TRANDEL, SR.,

    Plaintiff,

    v.                                                                                        Case No. 04-C-0765

THOMAS J. RIDGE, Secretary of Homeland Security and
JOHN W. SNOW, Department of Treasury,

    Defendants.

## DECISION AND ORDER

On August 11, 2004, the plaintiff, who is proceeding *pro se*, filed this action in this district, basically alleging that he was not hired by the Department of Homeland Security because of his disability. After his request for leave to proceed *in forma pauperis* was denied, the plaintiff paid the required filing fee on September 13, 2004.

Also on September 13, 2004, the Clerk of Court's office provided the plaintiff with the complaint and summons to be served on the defendants, as well as instructions on how to serve process. Subsequently, on December 15, 2004, the court notified the plaintiff by letter that he needed to effectuate service on the defendants and that, pursuant to Fed. R. Civ. P. 4(m), the action was subject to dismissal without prejudice unless good cause was shown for failure to effect such service within the required time. The plaintiff was also advised to file a report with the court by January 7, 2005, regarding his efforts to serve the defendants and that failure to file such a report could result in dismissal of the case pursuant to Civil L. R. 41.1 (E. D. Wis.) and Fed. R. Civ. P. 41(b). Id. The letter included a copy of the text of Civil L. R. 41.1. Id.

By letter of December 30, 2004, the plaintiff advised the court that he was awaiting information from Congressman Paul Ryan that might be relevant to his claim that the Department of Homeland Security had not made efforts to hire disabled Americans. By order of February 16, 2005, the plaintiff was given an additional 30 days to effectuate service on the defendants and was also advised that if he did not serve the defendants by the March 18, 2005, deadline, his action would be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). Because the court record did not indicate that the plaintiff had served process on the defendants by the March 18, 2005, deadline, the case was dismissed without prejudice for failure to prosecute.

On March 25, 2005, however, the plaintiff advised the court by letter that he had served a summons on the defendants via certified mail and asked the court to rescind dismissal of the case. In a May 9, 2005, order, the court's order of March 22, 2005, was vacated. The plaintiff was ordered to properly serve the defendants by June 8, 2005, or his action would be dismissed for failure to prosecute. Subsequently, the plaintiff requested two extensions of time to serve the defendants. On July 11, 2005, the plaintiff was granted an extension of time to August 8, 2005, to serve the defendants. A review of the court docket indicates that the plaintiff has failed to serve the defendants as ordered.

As is evident, this case has a long and tortured procedural history. The action has been pending for over one year and the defendants have not yet been properly serviced, despite extensions of time to do so. Moreover, the plaintiff was advised of the requirements for service of process on defendants, particularly service on the United States, its agencies, officers or employees. *See* Court's Order of May 9, 2005, at 3-4. The fact that a plaintiff is proceeding pro se does not excuse his failure to comply with procedural rules. *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001); *see also, McNeil v. United States*, 508 U.S. 106, 113 (1993).

A district court has authority to enter a sua sponte order of dismissal for lack of prosecution under Fed. R. Civ. P. 41(b). "This authority 'has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *James v. McDonald's Corp.*, Case No. 04-2383 (Slip op. at 15, 7th Cir. August 2, 2005) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). "'Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because [t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *James*, Slip op. at 16 (quoting *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195 1198-99 (7th Cir. 1993) (internal citation omitted).

The plaintiff has failed to litigate this action despite being granted extensions of time to do so. Accordingly, this action will be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Civil L. R. 41.1 (E.D. Wis.).

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that this action be and hereby is **dismissed** for failure to prosecute.

**IT IS ALSO ORDERED** that the clerk of court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2005.

> BY THE COURT:
>
> s/ Rudolph T. Randa
> RUDOLPH T. RANDA
> Chief United States District Judge