# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. TRANDEL, SR.,

    Plaintiff,

    v.                                                           Case No. 04-C-765

THOMAS J. RIDGE, Secretary of Homeland Security
and JOHN W. SNOW, Department of Treasury

    Defendants.

# ORDER

On August 11, 2004, the plaintiff filed this action, basically alleging that he was not hired by the Department of Homeland Security because of his disability. The plaintiff sought leave to proceed in forma pauperis. On August 21, 2004, the plaintiff's request was denied and he was ordered to pay the filing fee on or before September 20, 2004.

The plaintiff paid the filing fee on September 13, 2004. By letter from the court on December 15, 2004, the plaintiff was advised that he needed to effectuate service on the defendants and that, pursuant to Fed. R. Civ. P. 4(m), the action was subject to dismissal without prejudice unless good cause was shown for failure to effect such service within the required time. The plaintiff also was told to file a report with the court by January 7, 2005, regarding his efforts to serve the defendants.

By letter filed on December 30, 2004, the plaintiff advised that he has been unable to obtain legal counsel, but that he had contacted Congressman Paul Ryan's office to obtain information from the congressional library about facts that may be relevant to his claim that the Department of Homeland Security has not made efforts to hire disabled Americans. In the letter, he stated that he would "file the papers against the agency when I get my response

from Congressman Ryan if the research turns up in my favor." (Letter filed December 30, 2004, at 1). The plaintiff also indicated that if the information he received was not favorable, he would not proceed with this action.

In a February 16, 2005, order, the court advised the plaintiff that Rule 4(m) of the Federal Rules of Civil Procedure provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of a complaint, "the court, upon motion or its own initiative, after notice to the plaintiff shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." (Court's Order of February 16, 2005, at 2). He was also advised that the court could extend the time if the plaintiff showed good cause for the failure to effectuate service. The plaintiff was given an additional 30 days, until March 18, 2005, to serve the defendants. The court advised the plaintiff that if he failed to serve the defendants by that date, the action would be dismissed without prejudice. See Fed. R. Civ. P. 4(m). As of March 22, 2005, the plaintiff had not served the defendants with a copy of the summons and complaint as provided in Fed. R. Civ. P. 4, despite specifically having been advised twice by the court of his obligation to do so.

Therefore, on March 22, 2005, the court dismissed the plaintiff's action without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Civil Local Rule 41.3 (E.D. Wis.). Judgment was entered accordingly.

On May 9, 2005, the case was reopened and the plaintiff was given until June 8, 2005, to properly serve the defendants. Subsequently, the plaintiff was granted an extension of time to August 8, 2005, to serve the defendants. See Court's Order of July 11, 2005. The plaintiff failed to serve the defendants in a timely fashion. Therefore, on August 16, 2005, the court dismissed the case for failure to prosecute and judgment was entered accordingly.

By letter filed on August 23, 2005, the plaintiff asked the court to reconsider the dismissal of his case, stating that he has not received specific enough information about the number of wheelchair bound persons hired by the Department of Homeland Security. He makes no mention of his failure to serve the defendants as required by the court's July 11, 2005, order.

By letter of October 27, 2005, the plaintiff stated that he has received the requested information from Senator Russell Feingold. He requests that this case be reopened and that he be allowed to proceed with serving the parties. (Docket #23).

This case was initially filed more than 15 months ago. The plaintiff was given a number of extensions of time to serve the defendants and failed to do so. While he may now have information he has requested, he has provided no indication as to why the defendants were not properly served in a timely fashion. Courts and litigants have a vested interest in the expeditious resolution of cases. Moreover, courts have inherent power to control their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). Upon due consideration of the procedural history of this case, the court concludes that the plaintiff's motion to reopen this action must be denied.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's request to reopen this case (Docket #23) be and hereby is **denied**.

Dated at Milwaukee, Wisconsin this 29th day of November, 2005.

BY THE COURT:

s/ Rudolph T. Randa
RUDOLPH T. RANDA
Chief United States District Judge